# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

KYLE RICHARD BISHOP,

        Plaintiff

VS.

Warden GREGORY MCLAUGHLIN;
Deputy Warden CLINTON PERRY;
Deputy Warden JAMIE HALL;
Chief Counselor JOHN HILL;
Mailroom Officer COLBERT;
Mailroom Officer JOHNSON;
MACON STATE PRISON,

        Defendants

NO. 5:11-CV-107 (MTT)

**ORDER & RECOMMENDATION**

Plaintiff **RICHARD KYLE BISHOP**, an inmate at Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff has paid the $350.00 filing fee.[1]

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." The statutory language clearly authorizes screening even if the prisoner has paid the full filing fee. ***Thompson v. Hicks***, 213 Fed. Appx. 939, 942 (11th Cir. 2007)(citing ***Martin***

---

[1] Plaintiff's motion to proceed *in forma pauperis* was denied in ***Bishop v. McLaughlin***, 5:11-CV-44 (MTT) and his 42 U.S.C. § 1983 action was dismissed without prejudice because Plaintiff had four previous strikes under 28 U.S.C. § 1915(g). Plaintiff was informed that he could bring a new civil action by submitting new complaint forms and paying the $350.00 filing fee at the time of filing the complaint.

*v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also **Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of

2

the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff is currently serving a thirty-year sentence for child molestation, aggravated child molestation, and sexual battery. He alleges that he obtained an affidavit from the victim, in which she recants her testimony. Plaintiff states that after obtaining this affidavit, he filed an Extraordinary Motion for New Trial in the "Cobb County, Georgia Circuit Court." Plaintiff attended an evidentiary hearing in this matter on May 26, 2010 and the Court denied his motion in an order dated and filed on August 20, 2010.

Plaintiff states that he received the August 20, 2010 order on August 26, 2010. Plaintiff maintains that his Application for Discretionary Appeal ("Application") to the Georgia Court of Appeals was due on September 18, 2010. According to Plaintiff, he prepared the Application and on August 30, 2010, he mailed a rough draft of the Application to an out-of-state law firm that provides free copying and typing services for Plaintiff. Plaintiff maintains that on September 14,

2010, the law firm overnighted, via Federal Express, to Plaintiff the required copies of the Application and a check to pay the filing fee. Plaintiff states that the law firm wrote "Legal Mail open w/Inmate" on the mailing label.

Plaintiff states that the Application was ready for his signature. According to Plaintiff, on "September 15, 2010 Macon State Prison (Facility) refused acceptance of Plaintiff Bishop's legal mail." The Federal Express delivery person was informed that Plaintiff could not receive packages and delivery was refused. Plaintiff states that legal mail was returned to the out-of-state law firm on September 22, 2010 and the law firm notified Plaintiff by letter dated October 5, 2010, which Plaintiff received on October 13, 2010. Plaintiff states that Deputy Warden Perry informed him that either Deputy Warden Hall, Mailroom Officers Colbert or Johnson, or Warden McLaughlin were responsible for refusing to accept his legal documents from Federal Express.

Plaintiff alleges that his state court appeal was dismissed as untimely on October 7, 2010, and that he was notified of the dismissal on October 13, 2010.

Plaintiff alleges that he has filed an informal grievance regarding the matter with Deputy Warden Perry, which was "accepted" by Counselor Hill on October 14, 2010. Plaintiff states that the informal grievance was denied and Deputy Warden Perry issued a formal grievance that Plaintiff filed on October 19, 2010. Plaintiff maintains that the formal grievance was denied on November 16, 2010. Plaintiff alleges that when he requested a grievance appeal, Counselor Hill became angry and threatened Plaintiff with "an isolation lock-up if [he] pursued his grievance and appeal." Plaintiff alleges that Counselor Hill then threw an appeal form at him and afterwards "never filed

[his] internal appeal with Internal Affairs." Plaintiff claims that the "grievance and appellate procedure does not work at Macon State Prison" and that "[a]dministrative remedies are non-functional and inaccessible."

## A. Plaintiff's Motion to Amend

Plaintiff filed a Motion to Amend his Complaint (R. at 5) in which he requested to add Macon State Prison as a Defendant in this action. Plaintiff 's motion is **GRANTED**. *See* Fed. R. Civ. P. 15.

However, Macon State Prison is not a proper defendant in a 42 U.S.C. § 1983 action. ***Will v. Mich. Dep't of State Police***, 491 U.S. 58 (1989). Further, the Eleventh Amendment bars Plaintiff's § 1983 action against Macon State Prison for both monetary damages and injunctive relief. ***Stevens v. Gay***, 864 F.2d 113, 114-15 (11th Cir. 1989).

Consequently, it is **RECOMMENDED** that Macon State Prison be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

## B. Complaints regarding the grievance procedure at Macon State Prison

The Eleventh Circuit has held that a prisoner has no constitutional right to participate in prison grievance procedures. *See **Wildberger v. Bracknell***, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Therefore, a prison official's failure to properly process or respond to such a grievance or appeal of

a grievance is not actionable under 42 U.S.C. § 1983. Even if Plaintiff's assertions regarding the lack of functionality and accessibility of the prison grievance process at Macon State Prison are true, this does not amount to a violation of any constitutional right.

Consequently, it is **RECOMMENDED** that Plaintiff's claims regarding the grievance process at Macon State Prison be **DISMISSED** from this action.

## C. Claims against Deputy Warden Clinton Perry

In the original complaint, Plaintiff's only claim against Deputy Warden Perry relates to Perry's involvement with the grievance process. In a supplemental complaint, however, Plaintiff states that "Deputy Warden Clinton Perry . . . has a responsibility and opportunity to inform, train, and educate Macon State Staff and Officials of their and his individual and official capacity to ensure Plaintiff received his legal mail." It appears that Plaintiff is attempting to hold Deputy Warden Perry vicariously liable for the actions of other employees. However, a supervisory official is not liable under § 1983 solely on the basis of respondeat superior or vicarious liability. ***Brown v. Crawford***, 906 F.2d 667, 671 (11th Cir. 1990). Instead, there must be an affirmative link between the defendant's action and the alleged constitutional deprivation. ***Gilmere v. City of Atlanta***, 774 F.2d 1495, 1504 (11th Cir. 1985). A plaintiff must show one of the following: (1) personal participation; (2) "a history of widespread abuse [that] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"; (3)"a supervisor's custom or policy [that] results in deliberate indifference to constitutional rights"; or (4) the "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the

subordinates would act unlawfully and failed to stop them from doing so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)(internal citations and quotations omitted). Plaintiff does not allege that Deputy Warden Perry had any contact directly with his mail or that this Defendant refused receipt of his legal mail. Moreover, Plaintiff's allegations do not show "a history of widespread abuse." *Cottone*, 326 F.3d at 1360. Instead, Plaintiff states that Deputy Warden Perry was named as a defendant in *Harmon v. Terry*, 5:10-CV-157 (MTT), in which the plaintiff alleged improper handling of legal mail. The Court notes that *Harmon* was recently dismissed. Regardless, one other incident involving legal mail does not amount to "a history of widespread abuse." *Cottone*, 326 F.3d at 1360; *Brown v. Smith*, 813 F.2d 1187, 1187 (11th Cir. 1985). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Id.* Plaintiff has simply not shown the causal connection between the actions of Deputy Warden Perry and his alleged constitutional deprivations. Therefore, it is **RECOMMENDED** that Deputy Warden Perry be **DISMISSED** from this action as well.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

### D. Request for release from prison

Plaintiff originally stated that "there appears to be no legal remedy [and] release is practicable, feasible, and effective." However, the Court explained to Plaintiff that release from prison is not remedy that is available in a 42 U.S.C. § 1983 action. *Preiser v. Rodriquez*, 411 U.S.

475 (1973). Plaintiff now requests that this request be struck from his complaint and that he be allowed to seek only monetary damages.

Based on Plaintiff's request and the fact that release from prison is not an available remedy under § 1983, it is **RECOMMENDED** that Plaintiff's request for such relief be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

### E. Access to courts and free speech rights

Interference with legal mail may violate a prisoner's right of access to the courts. *Al-Amin v. Smith*, 511 F.3d 1317, 1330-31 (11th Cir. 2008). "[A]n access to courts claim requires 'actual injury regarding prospective or existing litigation,' such as 'missing filing deadlines or being prevented from presenting claims' while 'in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement'." *Taylor v. James*, 1:10-CV-2605-TWT, 2010 U.S. Dist. LEXIS 111075 at *6-*7 (N. D. Ga. October 15, 2010)(quoting *Wilson v. Blankenship*, 163 F.3d 1284, 1290 n.10 (11th Cir. 1998)). A prisoner also "'has a free speech right to communicate with his attorneys by mail, separate and apart from his constitutional right to access to the courts'." *Id.* at *7 (quoting *Al-Amin*, 511 F.3d at 1334). This free speech right applies only to attorney-client mail. *Id*.

Plaintiff has, at this stage in the litigation, made sufficient allegations to allow his access to courts and free speech claims to go forward against Defendants McLaughlin, Colbert, Johnson, and Hall.

**F. First Amendment claim for retaliation**

Plaintiff has stated a potential First Amendment claim for retaliation against Counselor Hill. "'To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right.' Rather, '[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech'." *Goodman v. Donald*, 2011 U.S. Dist. LEXIS 16189 at *16 ( S. D. Ga. Feb. 17, 2011). "It is of no moment whether the actions Plaintiff asserts certain Defendants took against him–such as verbal threats . . . – assert constitutional violations." *Id.* at *17. The inquiry at this stage is "whether Plaintiff exercised his First Amendment rights, Defendant[] knew of this exercise, and Defendant[] took action against Plaintiff as a result." *Id*. Plaintiff alleges that Defendant Counselor Hill threatened him because he wanted to appeal the denial of his grievance. At this stage in the litigation, Plaintiff has asserted a viable First Amendment claim for retaliation against Counselor Hill.

Accordingly, it is HEREBY ORDERED AND DIRECTED that service be made as provided by law upon the Defendants **MCLAUGHLIN, HILL, COLBERT, JOHNSON, AND HALL**; that a WAIVER OF REPLY, an ANSWER or such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said Defendants as required and permitted by law.

Because Plaintiff has paid the full filing fee and is not proceeding *in forma pauperis*, it is his responsibility to serve the Complaint on the Defendants. The Clerk of Court has already mailed to Plaintiff a Rule 4 packet so that he may make service on Defendants. Plaintiff is advised that he has 120 days from the filing of his Complaint to perfect service on the Defendants. Fed. R. Civ. P. 4(m).

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel,

however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court. This 90-day period shall run separately as to each Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

**SO ORDERED and RECOMMENDED**, this 26th day of April, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

lnb