IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KYLE RICHARD BISHOP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:11-CV-107 (MTT) |
| | : | |
| GREGORY MCLAUGHLIN, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

### RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Gregory McLaughlin, John Hill, Mary Colbert, Lorrita Johnson, and Jamie Hall. Doc. 13. Also before the Court are several motions filed by Plaintiff Kyle Richard Bishop, including Plaintiff's Motion to Dismiss (Doc. 20), Motion to Amend Complaint (Doc. 19), and Motion for Leave to Join Necessary Party Defendant (Doc. 21). Because Plaintiff failed to exhaust his administrative remedies, and because Plaintiff has failed to state a First Amendment claim for retaliation against Defendant Hill, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**. Additionally, it is hereby **RECOMMENDED** that Plaintiff's Motion to Dismiss be **DENIED** as moot, and it is hereby **ORDERED** that Plaintiff's Motion to Amend Complaint and Motion for Leave to Join Necessary Party Defendant be **DENIED**.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff is currently serving a thirty year prison sentence for child molestation, aggravated child molestation, and sexual battery.[1] After obtaining an affidavit in which the victim recanted her testimony, Petitioner filed an Extraordinary Motion for New Trial in Cobb

---

[1] All facts are presented as alleged in Plaintiff's Complaint (Doc. 1), unless cited otherwise.

1

County, Georgia. After an evidentiary hearing, Plaintiff's motion was denied in an order filed on August 20, 2010.

On August 26, 2010, while incarcerated at Macon State Prison,[2] Plaintiff received the order denying his motion for new trial. Plaintiff then had until September 18, 2010, to file an Application for Discretionary Appeal (Application) in the Georgia Court of Appeals. Plaintiff prepared his Application and mailed it to a law firm in Virginia that provides free copying and typing services for Plaintiff. On September 14, 2010, the law firm sent, via Federal Express overnight delivery, a package containing six typed copies of his Application. "Legal Mail-Open w/ Inmate" was written under the return address on the Federal Express label. On September 22, 2010, the Federal Express package was returned to the Virginia law firm with a label marked "Refused: INMATE CANT REC PACKAGES." After being told by the Virginia law firm that the package was returned, Plaintiff filed his Application on September 29, 2010. Plaintiff's Application was denied as untimely on October 7, 2010.

Plaintiff filed an informal grievance complaining of the prison officials' failure to allow Plaintiff to receive the Federal Express package on October 14, 2010. After the informal grievance was denied, Plaintiff filed a formal grievance on October 19, 2010. The formal grievance was subsequently rejected as an improperly formatted grievance. When Plaintiff met with Defendant Hill to discuss his grievance and request an appeal, Defendant Hill threatened Plaintiff with "isolation lock-up if [he] pursued his grievance and appeal." Defendant Hill then gave Plaintiff an appeal form. Plaintiff filled out and returned the appeal form, but Defendant Hill did not file the appeal with internal affairs.

On March 18, 2011, Plaintiff initiated his lawsuit pursuant to 42 U.S.C. § 1983 alleging that: (1) Defendants denied his First Amendment rights by failing to accept and provide to

---

[2] Plaintiff has subsequently been transferred to Wilcox State Prison.

Plaintiff the Federal Express package that contained Plaintiff's legal documents; and (2) Defendant Hill retaliated against Plaintiff in violation of his First Amendment rights by threatening to put Plaintiff in isolation if he pursued his appeal of the denial of his formal grievance.

DISCUSSION

1. Failure to Exhaust

Defendants contend that Plaintiff failed to exhaust his administrative remedies for his claims based on Plaintiff's inability to receive the Federal Express package containing his legal documents. Because Plaintiff failed to file a formal grievance that complied with the Georgia Department of Corrections Standard Operating Procedures for the statewide grievance procedure (GDOC SOP), Plaintiff failed to exhaust his administrative remedies in regard to those claims.

The Prison Litigation Reform Act (PLRA) mandates that an incarcerated plaintiff must exhaust all of his available administrative remedies before bringing any action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). Further, the PLRA requires the *proper exhaustion* of administrative remedies, and a prisoner cannot satisfy the exhaustion requirement by filing a procedurally defective administrative grievance. See Woodford v. Ngo, 548 U.S. 81 (2006). Claims that are not properly exhausted must be dismissed. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999). The Eleventh Circuit has made it clear that the exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a motion to dismiss is based on the affirmative defense of failure to exhaust administrative remedies, the review of the motion involves a two-step process. See Turner v.

Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. at 1082. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the compliant is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

This case is able to be resolved at the first stage of the Turner analysis. In support of their motion, Defendants submitted the affidavit of Talisha Moody, the Deputy Warden of Care and Treatment at Macon State Prison. Moody Aff. (Doc. 13-2). In this affidavit, Deputy Warden Moody provides an overview of the grievance procedure. Defendants also attached a copy of the GDOC SOP to Deputy Warden Moody's affidavit. Def. Ex. 1 (Doc. 13-3). The Formal Grievance Procedure as described in the GDOC SOP clearly states that "[o]nly one additional page will be attached by the inmate to the Formal Grievance Form. Formal Grievances with additional pages will be rejected." Def. Ex. 1 at p. 6 (Doc. 13-3).

The evidence presented by both Plaintiff and Defendants show that Plaintiff's formal grievance did not comply with the GDOC SOP. Plaintiff and Defendants each supplied the Court with copies of Plaintiff's formal grievance, which was rejected on November 4, 2010. The Warden's response on the formal grievance stated, "[r]eview of your formal grievance reveals evidence of a policy violation. Per SOP IIB05-0001 'Statewide Grievance Procedure,' only one (1) additional page will be attached by the inmate to the formal grievance form. Formal

grievances with additional pages will be rejected. Therefore, [] you have violated the protocol and your grievance[] is rejected at the institutional level." Plaintiff had attached a two-page affidavit to his formal grievance, which caused the formal grievance to be non-compliant and therefore rejected.

After Plaintiff received the denial of his formal grievance, he did not attempt to file another formal grievance that complied with the requirements of the GDOC SOP. Rather, Plaintiff attempted to appeal the denial of his formal grievance. A non-compliant formal grievance, however, cannot be appealed. See e.g., Bugge v. Roberts, 430 Fed.Appx. 753, 756 (11th Cir. 2011) (A grievance rejected as out-of-time may not be appealed.) Plaintiff had the ability to seek leave to file a proper formal grievance out-of-time, but he failed to do so. After being told by Defendant Hill that he could not appeal the denial of his non-compliant grievance, Plaintiff insisted that he be given an appeal form. Plaintiff then completed the appeal form and returned it to Defendant Hill. Defendant Hill did not submit the appeal to Internal Affairs, as the denial of the non-compliant formal grievance was not appealable.

In his response to the instant motion to dismiss, Plaintiff contends that he exhausted his available administrative remedies because he filled out an appeal form to appeal the rejection of his non-compliant formal grievance. However, as discussed above, Plaintiff did not properly file a formal grievance. Therefore, Plaintiff did not properly exhaust his administrative remedies. Plaintiff also complains about the overall grievance procedure at Macon State Prison. Even if the grievance procedure at Macon State Prison is futile or inadequate, Plaintiff is still required to properly exhaust all administrative remedies. See Alexander, 159 F.3d at 1326. Accordingly, it is hereby **RECOMMENDED** that Plaintiff's claims arising from the prison officials' failure to

give Plaintiff the Federal Express package containing his legal documents be **DISMISSED** without prejudice.

2. Plaintiff's retaliation claim

Plaintiff has failed to state a First Amendment claim against Defendant Hill for retaliation. Plaintiff argues that Defendant Hill retaliated against Plaintiff when Plaintiff filed his grievance because Defendant Hill "became angry and belligerent" when Plaintiff requested a grievance appeal form and "threatened [Plaintiff] with isolation lock-up" if he pursued his appeal. Because Defendant Hill never acted on his threats and because Plaintiff was not deterred by Defendant Hill's treats, Plaintiff has failed to state a claim for retaliation.

To state a First Amendment retaliation claim under 42 U.S.C. 1983, a plaintiff must satisfy a three part test. Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008). To satisfy the three part test, the plaintiff must allege: (1) that his speech or act was constitutionally protected; (2) that the defendant's retaliatory conduct adversely affected the protected speech; and, (3) that there is a causal connection between the retaliatory actions and the adverse effect on the speech. Id.  It is established that a prisoner's grievance concerning conditions of his imprisonment is protected speech under the First Amendment. See Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006). To establish the second prong, the plaintiff must allege that the adverse action that the plaintiff suffered as a result of the alleged retaliation must be such that it "would likely deter a person of ordinary firmness from engaging in such speech." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). This prong requires both an objective standard and a factual inquiry. Id. at 1277. To establish the third prong, the plaintiff must allege that there was a causal connection between the retaliatory acts and the adverse effect on the speech. Id. at1278.

In this case, Plaintiff has failed to allege that Defendant Hill's conduct had an adverse effect on his speech. Plaintiff's Complaint alleges that Defendant Hill threated to place him in isolation if he appealed of the rejection of his non-compliant formal grievance. The Complaint also alleges that Defendant Hill threw an appeal form at Plaintiff and that Plaintiff filled out the appeal form and returned it to Defendant Hill. Accordingly, Defendant Hill's conduct did not deter Plaintiff from attempting to appeal the denial of his grievance. Moreover, Plaintiff's Compliant does not allege that Defendant acted on his threats. Threats that are not carried out and that do not deter a plaintiff from engaging in speech are not actionable as retaliation. See Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1292 n.13 (11th Cir. 2002). As such, Plaintiff has failed to state a claim for retaliation.[3] Accordingly, it is hereby **RECOMMENDED** that Plaintiff's retaliation claim be **DISMISSED**.

Plaintiff has also filed a Motion to Dismiss, in which he seeks to dismiss Defendants Colbert, Hall, and Johnson because Plaintiff concedes that they were not responsible for Plaintiff's failure to receive his Federal Express package. In view of the above Recommendation that Plaintiff's claims regarding his Federal Express package be dismissed, it is hereby **RECOMMENDED** that Plaintiff's Motion to Dismiss be **DENIED** as moot.

Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

Also before the Court are two other motions filed by Plaintiff. Plaintiff has filed a Motion for Leave to Add Necessary Party Defendant, in which he seeks to add "John or Jane Doe,

---

[3] To the extent that Plaintiff seeks to base his retaliation claim on the fact that Defendant Hill did not submit his appeal to Internal Affairs, that argument has no merit. As discussed above, Defendant Hill was not required to submit Plaintiff's appeal because his formal grievance was rejected as non-compliant, and as such was not appealable.

Macon State employee designated for receiving FedEx deliveries." In view of the above Recommendation, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED** as moot.

Plaintiff has also filed a Motion to Amend his Compliant. In that motion, Plaintiff seeks to add claims stemming from events that occurred well after the events alleged in his Compliant. Because more than twenty-one days have passed since the service of responsive pleadings in this case, amendment is permitted only with leave of court. Fed.R.Civ.P. 15(a). Such leave should be freely granted "when justice so requires." Fed.R.Civ.P. 15(a)(2). Dispositive motions have been filed. As such, the interests of justice do not warrant amendment in this case. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**. Should Plaintiff wish to pursue these allegations further, he may do so by filing a separate action.

**SO RECOMMENDED and ORDERED**, this 23rd day of January, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge