IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KYLE RICHARD BISHOP, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:11-CV-107 (MTT) |
| GREGORY MCLAUGHLIN, *et al.*, | : | |
| Defendants. | : | Proceedings Under 42 U.S.C. § 1983 |
| _____ | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION TO DENY
## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Kyle Richard Bishop has moved the Court to issue a temporary restraining order directing the Macon State Prison to return or replace Plaintiff's lost legal files and laptop computer. Doc. 33. Because the adverse party had notice of Plaintiff's motion for temporary restraining order, the motion is construed as a motion for preliminary injunction under Rule 65(a) of the FEDERAL RULES OF CIVIL PROCEDURE. As Plaintiff has adequate legal remedies to pursue his claim that Macon State Prison officials allegedly failed to transfer Plaintiff's property to Wilcox State Prison, Plaintiff cannot show that he will suffer irreparable injury absent an injunction. Accordingly, it is hereby **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction be **DENIED**.

### BACKGROUND

On March 18, 2011, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants Gregory McLaughlin, Clinton Perry, Jamie Hall, John Hill, Mary Colbert, Loretta Johnson, and Macon State Prison, alleging that Defendants denied Plaintiff's access to courts and retaliated against Plaintiff for filing grievances. Doc. 1. Plaintiff also complained of the

1

grievance procedure at Macon State Prison. Plaintiff's access to courts claim arose from a Macon State Prison employee's failure to deliver Plaintiff's Federal Express package containing legal mail on September 10, 2010. Following a frivolity review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, Plaintiff's access to courts claim against Defendants McLaughlin, Hall, Colbert, and Johnson was allowed to proceed, as was his retaliation claim against Defendant Hill. Doc. 7. All of Plaintiff's remaining claims were dismissed.

On July 22, 2010, Defendants moved to dismiss Plaintiff's claims. Doc. 13. On August 10, 2010, Plaintiff moved to dismiss Defendants Johnson, Hall, and Colbert (Doc. 20) and add Defendant John or Jane Doe (Doc. 21). Plaintiff's motions were based on his understanding that Defendants Johnson, Hall, and Colbert were not responsible for receiving Federal Express packages, and that an unknown employee was responsible. On March 26, 2012, the District Court issued an order dismissing Plaintiff's claims against all named Defendants in this action. Doc. 32. The order, however, allowed Plaintiff's First Amendment access to courts claim to proceed against Defendant John or Jane Doe for failure to deliver Plaintiff's Federal Express package.

Plaintiff now seeks an injunction directing the Macon State Prison to return or replace five boxes of legal files and materials as well as a laptop computer belonging to Plaintiff that was allegedly not transferred to Wilcox State Prison when Plaintiff was transferred.

## DISCUSSION

To obtain preliminary injunctive relief, a plaintiff has the burden of demonstrating that:

(a) there is a substantial likelihood of success on the merits;

(b) the TRO or preliminary injunction is necessary to prevent irreparable injury;

(c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and

(d) the TRO or permanent injunction would not be adverse to the public interest.

Parker v. State Board of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001). Preliminary injunctive relief is not warranted in this case because Plaintiff has failed to show that there is a serious risk of irreparable injury in the absence of injunctive relief because Plaintiff has other adequate remedies at law.

To establish irreparable injury, a plaintiff must show that there is no other adequate remedy at law. Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1127 (11th Cir. 2005). Because an injunction is an extraordinary remedy, "it is available not simply when the legal right asserted has been infringed, but only when the legal right has been infringed by an injury for which there is no adequate legal remedy and which will result in irreparable injury if the injunction does not issue." Id. Further, an injunction is limited to prospective relief. See Dombrowski v. Pfister, 380 U.S. 479, 485 (1965) ("Injunctive relief looks to the future."). As such, an injunction is not to be issued to sanction past conduct for which there are other legal means to address the alleged violations. U.S. Army Corps of Engineers, 474 F.3d at 1127.

In this case, Petitioner seeks injunctive relief to sanction the past conduct of Macon State Prison officials. As such, Plaintiff has other adequate remedies at law to address these alleged violations, including filing a separate action under 42 U.S.C. § 1983 asserting due process violations against the officials for the loss of his property.

## CONCLUSION

In the absence of evidence to demonstrate a substantial risk of irreparable injury, Plaintiff has failed to establish that he is entitled to injunctive relief in this case. Accordingly, it is hereby

**RECOMMENDED** that Plaintiff's Motion for Temporary Restraining Order, construed as a motion for preliminary injunction, be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 4th day of June, 2012.

                                              s/ Charles H. Weigle_____
                                              Charles H. Weigle
                                              United States Magistrate Judge