IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **KYLE RICHARD BISHOP,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:11-CV-107 (MTT) |
| | : | |
| **GREGORY MCLAUGHLIN,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

### RECOMMENDATION

Before the Court is Plaintiff Kyle Richard Bishop's Motion to Amend Complaint to Include Proper Defendant. Doc. 58. In his motion Petitioner seeks to add Commissioner Brain Owens as the proper defendant in the instant action. In his response to Plaintiff's motion, Defendant McLaughlin contends that Plaintiff does not have standing to bring his First Amendment access to courts claim and renews Defendants' motion to dismiss for failure to state a claim. Doc. 59. Because Plaintiff has failed to establish standing and because Plaintiff has not stated a claim against Commissioner Owens, it is hereby **RECOMMENDED** that Plaintiff's motion be **DENIED** as futile. Additionally, it is hereby **RECOMMENED** that Defendant McLaughlin's renewed motion to dismiss be **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is currently serving a forty-year prison sentence for child molestation, aggravated child molestation, and sexual battery. Doc. 1. After obtaining an affidavit in which the victim recanted her trial testimony nearly ten years after Plaintiff's conviction, Plaintiff filed an Extraordinary Motion for New Trial in Cobb County, Georgia. Id. Following an evidentiary hearing, Plaintiff's motion was denied in an order filed on August 20, 2010. Id.

1

On August 26, 2010, while incarcerated at Macon State Prison, Plaintiff received the order denying his motion for new trial. Id. Plaintiff then had until September 18, 2010, to file an Application for Discretionary Appeal (Application) in the Georgia Court of Appeals. Id. Plaintiff prepared his Application and mailed it to his cousin's law firm in Virginia for copying. Id. On September 14, 2010, Plaintiff's cousin overnighted, via Federal Express, a package containing six typed copies of his Application. Id. The Federal Express package was addressed to Plaintiff at Macon State Prison's physical location—2728 GA Highway 49 South, Oglethorpe, Georgia 31068. Doc. 1-2. "Legal Mail-Open w/ Inmate" was written under the return address on the Federal Express label. Id. On September 22, 2010, the Federal Express package was returned to the Virginia law firm with a label marked "Refused: INMATE CANT REC PACKAGES." Doc. 1. On October 5, 2010, Plaintiff's cousin resent the Application to Plaintiff via regular mail, which Plaintiff received on October 13, 2010. Id. Prior to receiving the second package, however, Plaintiff was told by his cousin that the first package was returned. Id. Plaintiff therefore filed his handwritten Application on September 29, 2010. Id. Plaintiff's Application was denied as untimely on October 7, 2010. Id.

On March 18, 2011, Plaintiff initiated the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging that Defendants Warden Gregory McLaughlin, John Hill, Lorrita Johnson, and Jamie Hall violated his First Amendment rights by denying him access to the courts, and that Defendant Hill violated his First Amendment rights by retaliating against him. Id. On July 22, 2011, Defendants filed a motion to dismiss. Doc. 13. On August 8, 2010, Plaintiff moved to dismiss Defendants Hall and Johnson after discovering that Federal Express packages were not handled by the prison mailroom staff. Doc. 20. Plaintiff contemporaneously filed a motion to

amend his complaint to add John or Jane Doe, the prison employee designated to receive Federal Express deliveries. Doc. 21.

On March 26, 2012, the Court entered an order adopting in part and denying in part a Recommendation to dismiss Plaintiff's complaint due to Plaintiff's failure to exhaust his administrative remedies regarding his access to courts claim and Plaintiff's failure to state a retaliation claim against Defendant Hill. Doc. 32. Although the Court agreed with the Recommendation's finding that Plaintiff had failed to state a claim against a named defendant, the district judge determined that Plaintiff had exhausted his available administrative remedies regarding his access to court claim. Id. Accordingly, the Court allowed Plaintiff to engage in limited discovery to ascertain the identity of Jane or John Doe in charge of receiving Federal Express deliveries at Macon State Prison. Id. In relevant part, the Court ordered:

> …Therefore, the only remaining claim is the Plaintiff's access to courts claim against Defendant Jane or John Doe in charge of receiving Federal Express deliveries at Macon State Prison on September 15, 2010.
>
> Because no service can be made on Defendant Jane or John Doe in charge of receiving Federal Express deliveries for Macon State Prison on September 15, 2010, the Court will allow the Plaintiff to perform limited discovery on Defendant Warden Gregory McLaughlin in order to determine the name of this employee and to substitute the name as the Defendant…Should the Plaintiff fail to ascertain the identities of Defendant Jane or John Doe in charge of receiving Federal Express deliveries at Macon State Prison on September 15, 2010 and amend his complaint within the 60 day time period, the Defendants, and the entire case, will be dismissed.

Id. Accordingly, the Court allowed the instant action to proceed on the narrow issue of Plaintiff's access to courts claim against the individual who refused to accept Plaintiff's Federal Express package.

During the sixty-day limited discovery period allowed by the Court, discovery issues arose regarding the identity of the individual in charge of receiving Federal Express deliveries at

3

Macon State Prison. In order to resolve the dispute between the parties, the Court conducted a discovery hearing on August 9, 2012. Doc. 56. During the hearing, it was confirmed that there was no prison employee in charge of receiving Federal Express packages. In fact, it was revealed that Macon State Prison does not accept any Federal Express deliveries to inmates.

To show that Macon State Prison does not accept Federal Express deliveries to inmates, Defendant McLaughlin introduced the Georgia Department of Corrections Standard Operating Procedures (SOP) as evidence at the hearing. Doc. 56-1. In relevant part the SOP informs inmates the following regarding mail:

> B. Required addresses on all incoming/outgoing Inmate Mail:
>
> 1. All incoming/outgoing mail must have a complete name and address of the sender and receiver on the envelope. A complete address for outgoing/incoming mail will include the inmate's full name, GDC I.D. number, unabbreviated facility name, **post office box**, city/state, and zip code. A return address must be present on incoming mail so that undeliverable mail may be returned to the sender.

Id. at 10 (SOP No. IIB04-0001) (emphasis added). Because inmates are informed that all mail must be addressed to the prison's post office box and Federal Express does not deliver to post office boxes,[1] all Federal Express deliveries at Macon State Prison are automatically directed to the prison warehouse and the packages are refused without screening. Doc. 44-1.

Following the discovery hearing, Plaintiff moved to amend his compliant to include a proper defendant. Doc. 58. On September 10, 2012, Defendant McLaughlin responded and renewed the defendants' motion to dismiss for failure to state a claim. Doc. 59.

## DISCUSSION

Plaintiff seeks to amend his complaint to add Georgia Department of Corrections (GDOC) Commissioner Brian Owens as the proper defendant. Plaintiff contends that

---

[1] See FexEx Service Guide, p. 112 (can be located online at images.fedex.com/us/services/pdf/Service_Guide_2012.pdf)

4

Commissioner Owens is responsible for the obstruction of his Federal Express delivery containing legal mail, and as such has denied Plaintiff access to the courts.[2] As it has been established that Jane or Jane Doe in charge of receiving Federal Express deliveries at Macon State Prison on September 15, 2010 does not exist, Commissioner Owens may be a proper defendant based on the GDOC's policy that prohibits inmates from receiving Federal Express deliveries. Defendant McLaughlin, however, contends that Plaintiff's lawsuit must be dismissed because Plaintiff has failed to show an actual injury. Because Plaintiff lacks standing due to his lack of injury and because the GDOC's policy provides Plaintiff with meaningful access to the courts, Plaintiff has failed to state a claim against Commissioner Owens. Accordingly, allowing Plaintiff to amend his compliant to add Commissioner Owens as a defendant would be futile.

    A. <u>Plaintiff has failed to show an actual injury</u>

In his amended complaint, Plaintiff alleges that Commissioner Owens is responsible for the delay in Plaintiff's mailing of his Application for Discretionary Appeal (Application) following the trial court's denial of Plaintiff's extraordinary motion for new trial. As a result of the delay, the Application was dismissed as untimely. Because the appeal was frivolous, however, Plaintiff did not suffer an actual injury due to the delay. Plaintiff therefore lacks standing to bring suit against Commissioner Owens.

Plaintiff alleges that the denial of the Federal Express package containing legal mail violated his First Amendment right of access to the courts. Courts have long recognized that inmates have a constitutional right to access the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 824 (1977). Prisons must provide "adequate, effective, and meaningful" access to the courts. <u>Id.</u> at 822. In order to establish a violation of the right of access to the courts, an inmate must show an

---

[2] Plaintiff's motion to amend complaint also contends that Defendants are responsible for the loss of five boxes of legal materials and a laptop computer. The Court has previously denied Plaintiff's attempt to add those claims to this lawsuit. Doc. 41.

actual injury. Cunningham v. District Attorney's Office for Escambia County, 592 F.3d 1237, 1271 (11th Cir. 2010) (citing Lewis v. Casey, 518 U.S. 343, 349 (1996)). Without an actual injury, an inmate does not have standing to bring an access to courts claim. Id.[3]

Plaintiff has failed to show that he has suffered an actual injury. The "essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998). The plaintiff's underlying cause of action must "be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope." Christopher v. Harbury, 536 U.S. 403, 416 (2002) (internal quotations omitted). Although missing a filing deadline may constitute actual injury in the pursuant of a nonfrivolous claim, the plaintiff must first show that his underlying cause of action is nonfrivolous. See Wilson, 163 F.3d at 1290.

To determine whether Plaintiff has alleged an actual injury, then, the Court must examine the merits of Plaintiff's proposed appeal to determine whether it is frivolous. Plaintiff's complaint alleges that his extraordinary motion for new trial and subsequent Application was based on the victim's recantation of her trial testimony ten years after Plaintiff's conviction. Under Georgia law, a recantation of trial witness testimony is not grounds for a new trial. See e.g., Johnson v. State, 236 Ga. App. 764, 765 (1999) (recantation of victim of child molestation); Miller v. State, 226 Ga. App. 509, 514-15 (1997) (recantation of victim of child molestation); Karvonen v. State, 205 Ga. App. 852, 852 (1992) (recantation of victim of child molestation).

---

[3] In Al-Amin v. Smith, 511 F.3d 1317 (11th Cir. 2008), the Eleventh Circuit distinguished First Amendment access to court claims from First Amendment free speech claims, finding that access to court claims require a plaintiff to show an actual injury but free speech claims do not. Because Plaintiff has presented his claim as access to court claim, Plaintiff must show an actual injury. Moreover, Plaintiff has failed to argue that he is alleging a free speech claim and therefore does not have to show actual injury pursuant to Al-Amin.

"Declarations made after the trial are entitled to much less regard than sworn testimony delivered at the trial. This difference in value must be recognized, so long as there has been no conviction of perjury." Johnson, 236 Ga. App. at 765. The only exception to the requirement of a perjury conviction is where "there can be no doubt of any kind that the State's witness' testimony in every material part is purest fabrication." Id.

In this case, Plaintiff's proposed appeal consisted of little more than the victim's affidavit in which she recanted her trial testimony. Plaintiff has failed to allege in his complaint that he submitted evidence in his Application showing that the victim's trial testimony was purest fabrication. In subsequent pleadings, Plaintiff has submitted a doctor's report showing that the victim did not suffer any injury to her genitalia. The same doctor's report, however, determined that there was a history of possible sexual abuse and described an intimate relationship between the victim and Plaintiff. Moreover, it appears that the same report was introduced at trial.[4] Because Georgia law is clearly settled that a victim's recantation is not grounds for a new trial, Plaintiff's application for discretionary appeal would have been frivolous.

B. Plaintiff had meaningful access to the courts

Even if Plaintiff's underlying claim had not been frivolous, Plaintiff has failed to allege facts sufficient to show that Commissioner Owens or Defendant McLaughlin denied him meaningful access to the courts through the GDOC's mail policy. Prisons are required to provide inmates with "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds, 430 U.S. at 825. "It is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply

---

[4] Plaintiff has also submitted a polygraph test that he performed on March 3, 2012. Doc. 60. The test results, although favorable to Plaintiff, are not relevant to this case. The test was taken over a year after Plaintiff submitted his application, and as such was not included in his appeal.

7

with the law and the Constitution." Casey, 518 U.S. at 349. Accordingly, courts encourage prison officials to use their judgment in employing methods of assuring access to the courts. Id. at 352.

In this case, Plaintiff has failed to show that GDOC's mail policy does not provide inmates with meaningful access to the courts. GDOC's policy requires all mail to be received through the prison's post-office box, which prevents inmates from receiving Federal Express packages. The policy, however, allows inmates to access the courts through the United States Postal Service. Additionally, the GDOC SOP specifically addresses instances where inmates send voluminous legal documents to be copied and allows inmates to send and receive voluminous legal documents for copying.[5] GDOC SOP IIB04-000.1. As such, Plaintiff had meaningful access to the courts by complying with the GDOC SOP and ensuring that all correspondence was directed to the post office box.

Moreover, Plaintiff's adequate access to the courts is evidenced by the fact that he was able to personally mail his Application to the court of appeals on September 29, 2010. Additionally, when Plaintiff's cousin resent Plaintiff's Application in compliance with the GDOC SOP on October 5, 2010, Plaintiff received the Application through the prison mail staff. The allegations in Plaintiff's complaint and the GDOC SOP show that Plaintiff had adequate and meaningful access to the courts by following the SOP regarding inmate mail.

## CONCLUSION

Because Plaintiff has failed to show that he suffered an actual injury and because Plaintiff has failed to show that he did not have meaningful access to the courts through the GDOC's inmate mail policy, allowing Plaintiff to amend his complaint to add Commissioner Owens as the proper defendant would be futile. As such, it is **RECOMMENDED** that Plaintiff's motion to

---

[5] An inmate is required to inform the mailroom staff if he is expecting to receive a package containing copies of more than twenty-five pages of legal documents.

amend his complaint be **DISMISSED**. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (a court may deny leave to amend where the proposed amendment would be futile). It is further **RECOMMENDED** that Defendant McLaughlin's renewed motion to dismiss be **GRANTED**. In view of the above recommendation, it is also **RECOMMENDED** that Plaintiff's prior motion to amend (Doc. 47) and motion for service (Doc. 51) be **DENIED** as moot.

Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO ORDERED**, this 16th day of October, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge